Appeal by an employer and its insurance carrier from a decision and award of the Workmen’s Compensation Board for death benefits. The sole issue is as to the liability of the respondent Special Fund., Deeedent was employed as an apartment house superintendent and while fixing a boiler sustained second degree burns from escaping steam. He was immediately hospitalized. A day or two later he went into delirium tremens and shortly died. Upon autopsy, death was found to have been caused by second degree burns of the body, cerebral edema and marked fatty liver. Delirium tremens is a symptomatic manifestation of chronic alcoholism and, in decedent’s case; caused the organic *1040 or structural changes in his brain which were observed on autopsy and contributed to cause death. Appellants contend that the board erred in denying reimbursement from the respondent Special Fund of benefits subsequent to those payable for the first 104 weeks. They assert that decedent's death would not have occurred except for chronic alcoholism; that chronic alcoholism is a disease and constituted a permanent physical impairment which pre-existed decedent’s accidental injury (Workmen’s Compensation Law, § 15, subd. 8, par. [e]) and was or was likely to be a hindrance or obstacle to employment; and that decedent was employed or continued in employment with knowledge by the employer of such physical impairment and of its permanence (Matter of Zyla v. Juilliard & Co., 277 App. Div. 604). The proposition that chronic alcoholism is a disease is supported by all the expert evidence in the record and by reputable authorities cited in the comprehensive brief filed by the National Council on Alcoholism as amicus curiae. Indeed, respondent Special Fund concedes that alcoholism is “in most instances” a disease. That proposition is not, however, decisive of the appeal. The board has found that decedent was not employed as a disabled person. While another trier of the facts might have reached a contrary conclusion, we are unable to say that the determination was unsupported by substantial evidence, to the extent that it necessarily included the inferential finding that the employer was unaware of the permanence of decedent’s condition when retaining him in its employ. Our decision is not to be construed as approving the board’s additional and unnecessary statement, in its memorandum of decision, that “alcoholism per se is not a permanent illness ”. All the expert testimony in the case was to the contrary. Our attention is called to other medical authority supporting the theory of permanency. It is said that although many chronic alcoholics succeed in permanent abstention, the underlying condition, whether psychological or pathological and whether in the nature of an allergy, a metabolic disturbance or other derangement, remains quiescent, as might an allergy, but subject to the constant risk of reactivation on consumption of a minimal amount of alcohol. On this particular subject, however, where the theory of permanency is by no means unanimously held and is, indeed, relatively new and, as to cause, at least, unproven, the board was not ’bound to accept the expert evidence proffered and thereupon to find the employer possessed of a lay opinion as to which experts differ. Whatever the prevailing professional opinion as to permanency may be, the question of the employer’s knowledge or opinion as to this employee’s condition was within an area in which the board’s factual determination may not, on this record, be disturbed. Decision and award unanimously affirmed, with costs to respondent Special Fund.
Present •— Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.